

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 19, 1975

The Honorable Garrett Morris                Opinion No. H-752
Chairman
Public Utility Commission of Texas     Re: Effective date of section
P. O. Box 12577                             56 of the Public Utilities
Austin, Texas   78711                       Regulatory Act permitting
                                            certain agreements between
                                            retail public utilities.

Dear Mr. Morris:

You have requested our opinion concerning the effective date of section 56 of the Public Utility Regulatory Act, article 1446c, V.T.C.S., Acts 1975, 64th Leg., ch. 721, p. 2327, which authorizes contracts between retail public utilities designating the area and customers to be served by the contracting utilities and provides for Commission approval of such contracts. Section 52 provides for the filing of maps showing all its facilities as a prerequisite to the issuance of certificates of convenience and necessity. Since the maps must be filed by December 31, 1975, and certificates will be issued beginning March 1, 1976, you have asked when the approval authority of the Commission concerning area service contracts will become effective.

Section 87 of the Act provides:

> (a) The regulatory authority shall assume jurisdiction and all powers and duties of regulation under this Act on January 1, 1976, except as provided in Subsection (b) of this section.
>
> (b) The regulatory authority shall assume jurisdiction over rates and service of public utilities on September 1, 1976.

Section 88 provides:

> This Act shall become effective on September 1,
> 1975, and the commission shall thereupon begin
> organization and the gathering of information
> as provided in this Act.

Thus, your question is whether the approval of these contracts is an incident of information gathering, an exercise of regulatory authority over rates or service, or an exercise of other regulatory powers.

In our view, the approval process is of the third category. Clearly an approval is more than mere information gathering. The approval authority under section 56 is a facet of the regulatory authority of the Commission. However, we do not believe this approval process to constitute an exercise of regulatory jurisdiction of rates or service. We are aware of the broad definition given "service," in section 3(s), but in our opinion the regulatory authority over "service," which under section 87(b) cannot be exercised until September 1, 1976, is that authority provided in section 35(b) of the Act or in other similar provisions. Were the Commission's jurisdiction over "service" in its broadest sense delayed until September 1, 1976, it is difficult to ascertain what regulatory powers could be exercised on January 1, 1976. Thus, in our opinion section 87(b) relates to regulations of service which constitute or are similar to the fixing of "standards, classifications, regulations, or practices. . .with respect to the service to be furnished. . . ." Sec. 35(b). We do not believe the approval authority provided in section 56 is such a regulation of service. Accordingly, in our opinion the authority provided in section 56 is a part of the general regulatory authority of the Commission and can be exercised on January 1, 1976. Sec. 87(a).

## S U M M A R Y

The approval authority over contracts between utilities provided in section 56 of the Public Utility Regulatory Act may be exercised after January 1, 1976.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb